IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CABELA'S, LLC, a Delaware limited liability company, | : |
| Plaintiff, | : |
| v. | : C.A. No. _____ |
| MATTHEW HIGHBY, an individual, MOLLY HIGHBY, an individual, and HIGHBY OUTDOORS, LLC, a Nebraska limited liability company, | : |
| Defendants. | : |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Matthew Highby, Molly Highby, and Highby Outdoors, LLC, by and through their attorneys RatnerPrestia, hereby remove this action, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, from the Court of Chancery of the State of Delaware, to the United States District Court for the District of Delaware. In support of this Notice of Removal, Defendants state the following:

1.  On July 31, 2018, Plaintiff commenced an action in the Court of Chancery of the State of Delaware, captioned Cabela's LLC v. Matthew Highby, Molly Highby, and Highby Outdoors, LLC, C.A. No. 2018-0572. A true and correct copy of the Summons and the Complaint, which constitute all pleadings and process in this action, are attached as **Exhibit 1**, pursuant to 28 U.S.C. § 1446(a).

2.  The Complaint asserts a cause of action against Defendants Matthew and Molly Highby for alleged breach of contract, and asserts a cause of action against all Defendants for alleged violation of Nebraska Trade Secrets Act, Neb. Rev. Stat § 87-502 *et seq*. See **Exhibit 1**, Complaint, at ¶¶ 38-51.

3.  With the filing of its Complaint, Plaintiff filed a Motion to Expedite proceedings in the Court of Chancery. A true and correct copy of the Motion to Expedite is attached as **Exhibit 2**.

4.  A copy of the Complaint, Summons, and Motion to Expedite were served on Defendants on August 6, 2018.

5.  On August 7, 2018, Vice Chancellor Tamika R. Montgomery-Reeves sent a letter to the parties which, *inter alia*, ordered that Defendants' Opposition to the Motion to Expedite be filed by Friday August 10. A true and correct copy of the Vice Chancellor's Letter, which constitutes the only order in this action, is attached as **Exhibit 3**, pursuant to 28 U.S.C. § 1446(a).

6.  Defendants have not yet answered or otherwise responded to the Complaint or Motion to Expedite in this action.

7.  This Notice of Removal is being filed in the United States District Court for the District of Delaware, the district in which this action is pending.

8.  This Notice of Removal is being filed within thirty days of Defendants' receipt of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

9.  All Defendants in this action join in this Notice of Removal, as required by 28 U.S.C. § 1446(b).

10. As set forth below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## LAW REGARDING CITIZENSHIP

11. "A natural person is deemed to be a citizen of the state where he is domiciled." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)).

12. "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli*, 592 F.3d at 419 (citing 28 U.S.C. § 1332(c).

13. "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Id.* (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (quotation omitted)). "The state of organization and the principal place of business of an unincorporated association are legally irrelevant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

## DIVERSITY OF CITIZENSHIP

14. On information and belief, the sole member of Plaintiff Cabela's LLC is Bass Pro Group, LLC.

15. On information and belief, the sole member of Bass Pro Group, LLC is American Sportsman Holdings Co.

16. On information and belief, American Sportsman Holdings Co. is a corporation organized under the laws of the State of Missouri with a principal place of business and headquarters in the State of Missouri.

17. Defendants Matthew Highby and Molly Highby are individuals residing in Sidney, Nebraska. *See* **Exhibit 1**, Complaint, at ¶¶ 12-13.

18. Defendants Matthew Highby and Molly Highby are the sole members of Defendant Highby Outdoors, LLC.

19. In view of the foregoing, Plaintiff is a citizen solely of Missouri, and all Defendants are citizens solely of Nebraska. Therefore, the parties have complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

20. None of Defendants is a citizen of the State of Delaware, where this action was brought, pursuant to 28 U.S.C. § 1441(b).

## AMOUNT IN CONTROVERSY

21. In its prayer for relief, Plaintiff prays for an order "[r]equiring Mr. and Ms. Highby to each reimburse Cabela's for any and all amounts they received as profit or gain from stock granted to them pursuant to any Cabela's stock-grant program." *See* **Exhibit 1**, Complaint, at page 22, section (C).

22. The Complaint alleges that Mr. Highby was granted stock pursuant to a Cabela's stock-grant program "worth a net total of over $1 million," and that Ms. Highby was granted stock pursuant to a Cabela's stock-grant program "worth a net total of almost $1 million." *See* **Exhibit 1**, Complaint, at ¶ 22.

23. In its prayer for relief, Plaintiff prays for an order "[r]equiring Mr. and Ms. Highby to each reimburse Cabela's for any and all amounts they received from their Severance Agreement." *See* **Exhibit 1**, Complaint, at page 22, section (D).

24. The Complaint alleges that Mr. Highby received in conjunction with his Severance Agreement "a severance payment … that totaled just under $95,000." The Complaint alleges that Ms. Highby received in conjunction with her Severance Agreement "a severance payment of over $105,000." *See* **Exhibit 1**, Complaint, at ¶ 30.

25. In view of the foregoing, Plaintiff demands reimbursement from Defendants of over $1 million.  Therefore, the amount in controversy, exclusive of interest and costs, is in excess of $75,000, pursuant to 28 U.S.C. § 1332(a).

## CONCLUSION

26. Complete diversity of citizenship exists between Plaintiff, a Missouri citizen, and Defendants, all Nebraska citizens.  The amount in controversy exceeds $75,000.  Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

27. Defendants will promptly provide Plaintiff with written notice of and a copy of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and will promptly file a copy of this Notice of Removal with the Clerk of the Court of Chancery of the State of Delaware, where the Complaint was originally filed.

WHEREFORE, Defendants request that this action be removed from the Court of Chancery of the State of Delaware to the United States District Court for the District of Delaware.

**RATNERPRESTIA**

Dated:  August 9, 2018         */s/ Jeffrey B. Bove*

Jeffrey B. Bove (#998)
Rex A. Donnelly (#3492)
Andrew J. Koopman (#5288)
Karen Riesenburger Poppel  (#5373)
1007 Orange Street, Suite 205
Wilmington, Delaware  19801
Tel: (302) 778-2500
jbove@ratnerprestia.com
radonnelly@ratnerprestia.com
akoopman@ratnerprestia.com
kpoppel@ratnerprestia.com

*Attorneys for Defendants Matthew Highby, Molly Highby, and Highby Outdoors, LLC*